UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LARRY DARNELL COBB**,

    Plaintiff,

v.                                      **Case No. 24-CV-241**

**JOSEPH MCLEAN,** *et al.***,**

    Defendants.

## ORDER

On September 9, 2024, defendant Joseph McLean filed a motion to amend his answer to *pro se* plaintiff Larry Darnell Cobb's complaint. (ECF No. 27.) On September 18, 2024, Cobb filed a motion to appoint counsel. (ECF No. 31.) On September 24, 2024, McLean filed a motion for joinder of the State Defendants Partial Motion for Judgment on the Pleadings. (ECF No. 32.) This order resolves those motions.

### MOTION TO AMEND ANSWER (ECF NO. 27)

McLean requests to amend his answer to clarify that he was an independent contractor for the Wisconsin Department of Corrections during the relevant events. (ECF No. 28 at 1-2.) He also wants to remove some irrelevant affirmative defenses and add new ones related to his status as an independent contractor. (*Id.*)

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for

denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182. The court sees no reason why McLean should not be allowed to amend his answer. McLean's motion is granted.

## MOTION TO APPOINT COUNSEL (ECF NO. 31)

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022). Cobb states that he has sent letters and called several lawyers, and they declined to take his case. (ECF No. 31 at 1.) He has satisfied the first prong.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Cobb states that he needs a lawyer because he gets triggered when he has to review the facts of his case. He also states that he struggles with looking up the law and does not know what steps he needs to take.

Currently pending is a motion for partial judgment on the pleadings that is fully briefed and awaiting resolution. The court has briefly reviewed Cobb's response and notes that he was able to adequately explain his position. The court also notes that Cobb is out of custody. This means he has access (either at home or at a local library) to online legal

3

resources such as https://scholar.google.com/, which allows people to search federal case law, and law libraries, including the one at the Milwaukee federal courthouse, which are staffed by librarians who can assist him in finding relevant materials. Cobb may also seek limited assistance from the Eastern District of Wisconsin Bar Association's Federal Legal Assistance Program. He can start the process by completing the online form at https://edwba.org/form.php?form_id=15.

As such, the court finds that Cobb is able to adequately litigate this case on his own. His motion is denied. Should circumstances change and Cobb finds he is no longer able to litigate the case, he may renew his motion for counsel.

## MOTION FOR JOINDER (ECF NO. 32)

McLean wishes to join the State Defendants' motion for judgment on the pleadings. The State Defendants moved for a partial judgment on the pleadings on the ground that Cobb's state law medical negligence claim is barred by the statute of limitations. (ECF Nos. 20, 21.) The arguments of the State Defendants also apply to McLean. As such, the court grants McLean's motion.

**IT IS THEREFORE ORDERED** that McLean's motion for leave to amend the complaint (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Cobb's motion to appoint counsel (ECF No. 31) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that McLean's motion for joinder (ECF No. 32) is **GRANTED**.

Dated in Milwaukee, Wisconsin this 12th day of November, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

5