# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY DARNELL COBB**,

    Plaintiff,

v.                                         Case No. 24-CV-241

**JOSEPH MCLEAN,** *et al.*,

    Defendants.

## ORDER

On August 23, 2024, defendants Dmitry Chester, David Firkus, Katie Kropidlowski, Quianna McBride, Jesse McWilliams, Kesha Packer, and Jennifer Vaughn (the State Defendants) filed a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 20.) On September 24, 2024, defendant Joseph McLean filed a motion to join the State Defendants' motion (ECF No. 32), which the court granted (ECF No. 37). The motion for partial judgment on the pleadings is fully briefed and ready for a decision.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In other words, Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Id.*

A motion under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 728-29 (7th Cir. 2014). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.' . . . Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Id.* at 729 (citations omitted). The allegations must "permit the court to infer more than the mere possibility of misconduct." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations omitted). At this stage, the court should not ask whether the allegations actually occurred but instead should ask whether they could have occurred. *Id.*

The defendants argue that most of *pro se* plaintiff Larry Darnell Cobb's claims are barred by the statute of limitations. At screening, Cobb was allowed to proceed on the following claims: 1) an Eighth Amendment claim that between March 5 and April 5, 2018, McLean and Chester were deliberately indifferent to Cobb's epilepsy by refusing to provide his seizure medication; 2) an Eighth Amendment claim that on April 5, 2018, Officer Firkus and Sergeant McBride were deliberately indifferent to Cobb's health and safety by refusing to call for help when he suffered his seizure; 3) an Eighth Amendment claim that on or around May 29, 2018, Officer McWilliams and Sergeant McBride were deliberately indifferent to Cobb's health and safety and conditions of confinement by refusing to move him to another cell or provide him cleaning supplies when he was housed with an ill cellmate; 4) an Eighth Amendment claim against Packer for deliberately

2

dismissing Cobb's institutional complaints; 5) a First Amendment claim of retaliation against McBride; and 6) state-law claims of negligence against all defendants. (ECF No. 5 at 21-22.)

Cobb concedes that his state law negligence claims are barred by the applicable statute of limitations. (ECF No. 30 at 1.) As such, they are dismissed. Because these are the only claims against Kropidlowski and Vaughn, they are also dismissed.

The defendants argue that all of Cobb's claims but the Eighth Amendment deliberate indifference to medical needs claim against McLean and Chester are barred by the statute of limitations. Section 1983 does not have a limitations period, so federal courts adopt the limitations period applicable to personal injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013.) In Wisconsin, "the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53." *D'aquisto v. Love,* No. 20-c-1034, 2020 WL 5982895 at *1, (E.D. Wis. Oct. 8, 2020). On April 5, 2018, Wisconsin changed the applicable statute of limitations for § 1983 from six years to three years. Thus, for all claims occurring on or after April 5, 2018, the applicable statute of limitations is three years. Cobb filed his complaint on February 22, 2024. (ECF No. 1.)

Here, the relevant events took place between March 5, 2018, and October 12, 2018. When Cobb was transferred to the Milwaukee Secure Detention Facility (MSDF), due to an error in the transfer he went without his epilepsy medication for approximately a month. (ECF No. 1, ¶¶ 11-12.) From March 5, 2018, through April 5, 2018, McLean and

3

Chester refused to provide him his medication. (*Id.*) On April 5, 2018, due to lack of medication, Cobb suffered a severe seizure and hit and cut his head. (*Id.*)

On April 5, 2018, Cobb began to experience seizure symptoms and, when he called for help, Firkus and McBride ignored him. (ECF No. 1, ¶ 19.) He then lost consciousness, hit is head, and the paramedics were called, taking Cobb to the hospital. (*Id.*, ¶ 20.) When Cobb returned from the hospital (it is unclear from the complaint when he returned) Firkus and McBride began harassing him, failing to provide him ice for the injuries he suffered during the seizure. (*Id.*, ¶ 21.)

On April 16, 2018, once he was released from the observation unit, Cobb began filing grievances against McBride and Firkus. (ECF No. 1, ¶ 22.) In retaliation, between April 16, 2018, and October 12, 2018, McBride began changing Cobb's housing assignments as punishment, including putting him in a cell with no window; a cell with a sick cellmate who failed to dispose of his urine specimen; and placing him in solitary confinement. (*Id.*, ¶¶ 24-37.) McWilliams was aware of and sometimes participated in keeping Cobb in the unsanitary and unsafe conditions during this time frame. (*Id.*)

Cobb also alleges that Packer, the institution complaint examiner, deliberately refused to investigate his complaints about his April 5, 2018, seizure and his complaints about Firkus's and McBridge's actions. (ECF No. 1, ¶ 40.)

The defendants concede that the six-year statute of limitations clearly applies to the Eighth Amendment deliberate indifference to medical needs claim against McLean and Chester because those events happened before April 5, 2018. Which statute of

limitations period applies to the remaining claims is not so clear. Cobb argues that, because all of his claims stem from not being provided with his epilepsy medication in March 2018, the six-year limitations period should apply to the remaining claims as well. Essentially, he is arguing that the continuing violations doctrine should apply.

Generally, "for a § 1983 claim based on medical injury arising from deliberate indifference, the relevant injury for statute-of-limitations purposes is not the intangible harm to the prisoner's constitutional rights but the physical injury caused by the defendants' indifference to the prisoner's medical needs." *Devbrow,* 705 F.3d at 768. The period "starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Id.* However, "[w]hen a single event gives rise to continuing injuries . . . the plaintiff can bring a single suit based on an estimation of his total injuries" instead of bringing piecemeal litigation. *Heard v. Sheahan*, 253 F.3d 316, 319-20 (7th Cir. 2001). In other words, "[e]very day that [the defendants] prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start anew." *Id.* at 318-19.

Here there are five claims with distinct timelines: 1) an Eighth Amendment deliberate indifference to medical needs claim against McLean and Chester from March 5, 2018, leading up to the seizure that occurred on April 5, 2018 (which the defendants concede is not barred by the statute of limitations); 2) an Eighth Amendment deliberate indifference to medical needs claim against Firkus and McBride for not getting him help

5

when he had seizure symptoms on April 5, 2018; 3) an Eighth Amendment conditions of confinement/deliberate indifference to health and safety claim against McWilliams and McBride for the conditions of Cobb's cell between April 16, 2018, and October 12, 2018; 4) an Eighth Amendment claim against Packer for intentionally dismissing Cobb's complaints (where there is no clear timeline); and 5) a First Amendment retaliation claim for McBride's actions beginning on April 16, 2018.

The conditions of confinement claim and the retaliation claim deal with constitutional violations that are distinct and separate from the claim of deliberate indifference to Cobb's seizure that occurred on April 5, 2018. As such, the continuing violations doctrine does not apply to those claims. Both injuries in those claims happened on April 16, 2018, at the earliest. Thus, the three-year statute of limitations applies and they are time barred. These claims are dismissed. Because the conditions of confinement claim was the only claim against McWilliams, he is also dismissed.

The continuing violations doctrine, however, does apply to the Eighth Amendment deliberate indifference to medical needs claim against Firkus and McBride. Cobb's epilepsy went untreated beginning on March 5, 2018, culminating in the ultimate injury of suffering a severe seizure that Firkus and McBride did nothing about on April 5, 2018. Also, Cobb's medical needs were not addressed and resolved until April 5, 2018. This claim may go forward.

The claim against Packer for deliberately mishandling Cobb's grievance is a bit trickier because it stems from the deliberate indifference to medical needs between March

6

Case 2:24-cv-00241-WED   Filed 01/31/25   Page 6 of 8   Document 39

5, 2018, and April 5, 2018. However, the injury in that claim is not that Cobb's medical needs weren't met but that Packer "refuse[d] to do her job and [left] the prisoner[] to face risks that could be averted by faithful implementation of the grievance machinery." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As such the applicable date for the statute of limitations period is the date in which Packer deliberately ignored Cobb's grievance. The complaint does not contain the specific dates of when Packer rejected or ignored his grievances.

The defendants (citing to the screening order) state that Packer rejected the grievances on June 25, 2018, and January 23, 2019. (ECF No. 21 at 5.) However, the screening order does not state those specific dates. Cobb responds that one of the grievances Packer denied was filed on April 4, 2018, although he does not say when she rejected or denied it. (ECF No. 30 at 2.) Neither side presented evidence supporting their assertions (which would allow the court to convert this into a summary judgment motion under Rule 56).

The court does not have enough information to determine whether the claim against Packer is time-barred. As such, it will deny judgment on the pleadings without prejudice as to this claim, and the defendants may bring this argument up again later in a motion for summary judgment.

In summary, the claims under the Eighth Amendment against McLean, Chester, McBride, and Firkus for deliberate indifference to medical needs survive, as does the Eighth Amendment claim against Packer for now. The Eighth Amendment conditions of

7

confinement claim, the First Amendment retaliation claim, and the state law negligence claims are all time-barred, and the motion for judgment on the pleadings is granted in the defendants' favor on those claims. Because there are no remaining claims against Kropidlowski, Vaughn, and McWilliams, they are dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for partial judgment on the pleadings (ECF No. 20) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to the claim under the Eighth Amendment regarding the conditions of confinement, the First Amendment retaliation claim, and the state law negligence claims, and those claims are **DISMISSED**. The motion is **DENIED with prejudice** as to the Eighth Amendment deliberate indifference to medical needs claims, and **DENIED without prejudice** as to the claim under the Eighth Amendment for deliberate indifference in handling Cobb's grievance.

**IT IS FURTHER ORDERED** that Katie Kropidlowski, Jennifer Vaughn, and Jesse McWilliams are **DISMISSED**.

Dated in Milwaukee, Wisconsin this 31st day of January, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge